UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

UNITED STATES OF AMERICA                CRIMINAL ACTION NO. 22-0082

VERSUS                                  JUDGE ELIZABETH E. FOOTE

EXZAVIOR MCCULLEY                       MAGISTRATE JUDGE HORNSBY

---

### ORDER

Before the Court is a motion to terminate supervised release filed by the Defendant, Exzavior McCulley ("McCulley"). Record Document 77. McCulley argues that termination is appropriate because he has been in full compliance with the terms of his supervised release for more than a year. *Id.* He also notes he has stable employment, housing, and family support. *Id.* at 4. Finally, he maintains that the termination of supervised release would enable him to provide better support for his family. *Id.*

On September 12, 2022, McCulley entered a guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Record Document 51. The Court sentenced McCulley to 18 months of imprisonment and three years of supervised release. Record Document 70. His term of supervision began on July 5, 2023.

A court may terminate supervised release after one year if, after consideration of the relevant factors[1], it is satisfied that such action is warranted by the conduct of the

---

[1] The factors are set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

defendant and in the interest of justice. 18 U.S.C. § 3583(e)(1). District courts have broad discretion in determining whether the interest of justice warrants early termination. *See United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017).

The U.S. Probation Office opposes McCulley's request, noting that McCulley has a history of noncompliance with supervision. Specifically, McCulley had a term of supervision revoked in another matter in 2019. Also of note, a few months after McCulley's previous term of supervision expired, he was arrested for possession of multiple firearms and ammunition, which led to his conviction in this Court.

After consideration of the relevant factors contained in 18 U.S.C. § 3553(a), the Court finds that early termination is not in the best interest of the Defendant or the public. While the Court commends McCulley on his compliance with the terms of supervised release, the Court believes McCulley would continue to benefit from the structure of the conditions imposed by the terms of supervised release. A reassessment will be performed by the U.S. Probation Office in approximately six months. Accordingly, McCulley's motion [Record Document 77] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this __16th__ day of July, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE